# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL ZONE**

    **Petitioner,**           **Case No. 6:07-cv-1331-Orl-22KRS**
                                                            (**6:06-cr-198-Orl-22KRS**)

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, filed by Michael Zone (Doc. 1). The Government filed a response (Doc. 4) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. 6) to the Government's response.

### *I.   Procedural History*

On October 25, 2006, a federal grand jury indicted Petitioner on one charge of knowingly and intentionally possessing with the intent to distribute, and distribution of, 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii) (Criminal Case No. 6:06-cr-198-Orl-22KRS, Doc. 1).[1] After a two-day jury trial, Petitioner was found guilty of the charge contained in the indictment. *See* Criminal Case Doc. 42. Petitioner filed a motion for new trial, *see* Criminal Case Doc. 59,

---

[1] Criminal Case No. 6:06-cr-198-Orl-22KRS will be referred to as "Criminal Case."

which the Court denied as untimely, as it was filed approximately four months following the jury verdict and was not based on "newly discovered evidence," *see* Criminal Case Doc. 63.  A sentencing hearing was conducted on August 23, 2007, and Petitioner was ultimately sentenced to a life term of imprisonment (Criminal Case Doc. 71).  Petitioner did not directly appeal his conviction or sentence, and instead filed the instant motion to vacate.[2]

## II.    *Petitioner's Claim: Ineffective Assistance of Counsel*

Petitioner alleges a single claim for relief in this section 2255 motion: that he was denied effective assistance of counsel at trial because his court-appointed attorney was encumbered by a personal conflict of interest.  Specifically, Petitioner maintains that his trial attorney demanded a fee from Petitioner in the amount of $25,000, and then failed to seek authorization from the Court to receive private funds from Petitioner.  Petitioner contends that trial counsel's unethical motive in this instance was to supplement the compensation he was to receive from the Government for his appointment.  In addition, Petitioner claims that his trial attorney "led [him] to believe the quality of his representation would suffer," Doc. 1 at 3, if he did not pay the requested fee, and, although Petitioner was able to satisfy $17,500 of the $25,000 fee by the trial date, his attorney's representation might have been compromised by his failure to satisfy the full amount of the fee.

---

[2] There is no indication why Petitioner's new counsel chose not to raise the underlying issues, i.e., conflict of interest, on direct appeal.  Nonetheless, counsel's decision to immediately pursue a section 2255 action, while somewhat unconventional, is not procedurally improper.

*A.     Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

The Supreme Court has recognized exceptions to the general rule of *Strickland*.  For instance, prejudice has been presumed in extreme cases, such as when a defendant has been denied the assistance of any counsel.  *U.S. v. Cronic*, 466 U.S. 648, 658-59 (1984).  In addition, unless the trial court determines that no conflict exists, prejudice is presumed when defense counsel is forced to represent co-defendants despite having raised a timely objection.  *Holloway v. Ark.*, 435 U.S. 475, 488-89 (1978).  However, absent a timely objection, a conflict of interest claim premised on multiple representation of co-defendants requires a showing that an actual conflict adversely affected counsel's representation of a particular defendant before

---

[3] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

the prejudice component will be presumed. *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). The standard for evaluating a claim for post-conviction relief based on an attorney's alleged conflict of interest in situations other than those involving representation of multiple defendants remains unclear. In *Mickens v. Taylor*, 535 U.S. 162 (2002), the United States Supreme Court declined to decide whether the standard enunciated in *Cuyler* extends beyond the realm of multiple representation conflicts, concluding that the issue presented "an open question." *Id*. at 176. The Eleventh Circuit has also refrained from clearly defining the boundaries of *Cuyler*'s application to attorney conflict of interest cases. *See, e.g.*, *Schwab v. Crosby*, 451 F.3d 1308, 1327 (11th Cir. 2006); *Quince v. Crosby*, 360 F.3d 1259, 1263 & n.4 (11th Cir. 2004). Likewise, this Court need not decide the question in this case, as Petitioner's claim fails under both *Strickland* and *Cuyler*.

### *B.     The Cuyler Standard Applied*

In order to establish that counsel's conflict of interest violated the Sixth Amendment, a petitioner must demonstrate both that an attorney labored under an actual conflict of interest and that such conflict adversely affected the attorney's representation of the client. *Cuyler*, 446 U.S. at 348. "[T]he possibility of conflict is insufficient to impugn a criminal conviction." *Id*. at 350. Further, a court will not find an actual conflict of interest unless the petitioner can "point to specific instances in the record to suggest an actual conflict or impairment of [his] interest[]." *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir. 1987) (internal quotations omitted). If the petitioner can make such a showing, the petitioner "need not demonstrate prejudice in order to obtain relief," *Cuyler*, 446 U.S. at 349-350, but only that "the conflict had some

adverse effect on counsel's performance." *McConico v. State of Ala.*, 919 F.2d 1543, 1548 (11th Cir. 1990).

In this instance, the potential "actual conflict" arises from appointed counsel's demand for an outside fee from Petitioner, as well as counsel's subsequent failure to inform the Court that he was accepting private funds for legal services. Under section 2.02(f) of the Middle District of Florida's *Criminal Justice Act Plan*, which was adopted by the District pursuant to the requirements of the *Criminal Justice Act*, 18 U.S.C. § 3006A, "[u]nless permitted in advance by court order, counsel appointed under the provisions of this Plan may not require, request, or accept any payment or promise of payment for representing a party." Further, under section 2.03 of the Plan, if appointed counsel learns that a client is financially able to make payment, "in whole or in part," for legal services, counsel "shall promptly advise the Court," unless the source of the attorney's information in this regard is protected as a privileged communication.

At a brief hearing on the issue, held prior to Petitioner's sentencing and in response to an *amicus* brief filed in this case, counsel fully admitted to accepting outside funds from Petitioner and failing to report receipt of those funds to the Court. Doc. 55 at 3. In fact, counsel admitted that he had never, in any other case in which he had served as court-appointed counsel, reported his receipt of private funds from a client. *Id*. at 2-3. The Court deems counsel's actions in this regard as clearly reprehensible and highly unethical. However, an attorney's violation of ethical standards does not, by itself, establish ineffectiveness. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986) ("A court must be careful not to narrow the wide range of conduct acceptable under the Sixth Amendment so restrictively as to constitutionalize

particular standards of professional conduct"); *Kohler v. Kelly*, 890 F. Supp. 207, 215 (W.D.N.Y. 1994) ("A demand of payment by a court-appointed attorney does not reach the degree of grossly improper behavior needed to find per se ineffective assistance of counsel."). Therefore, the attorney's conduct must still be measured by the appropriate standard, whether it be *Strickland* or *Cuyler*.

In this instance, the Court finds that there was an actual conflict created by the attorney's demand for an additional fee from Petitioner. Certainly counsel was aware that Petitioner's financial situation did not allow him to retain a private attorney. In spite of this knowledge, counsel demanded a large sum of money from Petitioner as purported supplemental compensation for legal services, and, according to Petitioner, indicated that the representation would suffer should Petitioner be unable to meet counsel's demands. While the record in this case does not reveal whether counsel actually threatened Petitioner, or whether Petitioner merely received the impression that counsel would not zealously represent him, the Court finds that counsel's interest in obtaining a $25,000 fee from a client who has been legally deemed indigent diverged from his interest in obtaining the best result for his client. The inquiry does not end here, however. *Cuyler* also requires Petitioner to show that the conflict adversely affected the representation.

Three elements must be satisfied for a petitioner to prove that an attorney's actual conflict of interest adversely affected the representation. *Freund v. Butterworth*, 165 F.3d 839, 860 (11th Cir. 1999). First, the petitioner must show that counsel might have pursued an alternative defense strategy or tactic. *Id*. Second, the petitioner must show that the alternative strategy or tactic was "reasonable under the facts." *Id*. Finally, the petitioner must "show

some link between the actual conflict and the decision to forgo the alternative strategy of defense." *Id*.   In this regard, Petitioner contends that his attorney failed to object to certain allegedly improper assertions by the Government at trial.  In particular, Petitioner argues that his attorney should have objected when the Government: (1) "[v]ouched for the credibility of its witnesses"; (2) "[c]haracterized [Petitioner] as a low to mid-level drug dealer"; (3) "[o]utlined its reasons for targeting [Petitioner] for investigation"; and (4) "[s]uggested their confidential informant was potentially in physical danger while in [Petitioner's] presence" (Doc. 1 at 4-5).  All but one of the challenged statements were made by the prosecution during opening or closing argument.

The Court finds that while Petitioner has identified specific instances in which he believes his attorney acted unreasonably, Petitioner has wholly failed to demonstrate part three of the test, i.e., that the attorney's decision to forgo objection was based on his conflicting desire to collect the $25,000 fee.  In fact, Petitioner himself acknowledges the mere hypothetical nature of the conflict's effect on the representation when he asserts that his attorney's representation *could have been* compromised by the failure of Petitioner to live up to the fee agreement.  *See* Doc. 1 at 7.  In addition, Petitioner has failed to point to any facts in the record that even remotely indicate that counsel made a conscious choice to forgo certain objections because he had not been paid.  On the contrary, Petitioner indicated that he was able to fulfill the majority of counsel's $25,000 demand by the time the trial began, thus significantly lowering the chance that counsel's representation of Petitioner was influenced more by Petitioner's failure to pay the fee than by obtaining a favorable result for his client. Thus, regardless of whether the potential objections identified by Petitioner would have

constituted reasonable alternative tactics, there is simply no evidence in the record to suggest that counsel's failure to pursue such alternatives was influenced by his interest in collecting the fee.

Because Petitioner has failed to show that counsel's conflict of interest had an adverse effect on the representation, he cannot meet the more demanding *Strickland* requirement of demonstrating that his attorney's performance at trial was so deficient that it prejudiced the defense. Absent a showing of prejudice, Petitioner cannot prevail on his ineffective assistance of counsel claim. *Alvord v. Wainwright*, 725 F.2d 1282, 1289-90 (11th Cir. 1984) (holding that when no prejudice shown, there is no need to address a claim that counsel was deficient), *cert. denied*, 469 U.S. 956 (1984).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Michael Zone is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:06-cr-198-Orl-22KRS.

3. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. 67) filed in criminal case number 6:06-cr-198-Orl-22KRS.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 27, 2008.

Copies furnished to:

Counsel of Record

_____
ANNE C. CONWAY
United States District Judge